51   64
e113  365

### No. 12.564.

SAMUEL CUPPLES WOODEN WARE CO. vs. ILLINOIS PICKLING AND MANU-FACTURING CO.

#### SYLLABUS.

It appearing from the evidence, that what has been given the appearance of a corporation, is a corporation in name only, and not in reality: one under

Cuppens Wooden Ware Co. vs. Illinois Pickling & Manufacturing Co.

which an individual has transacted his business, debts apparently due by the corporation to third persons will be decreed and treated as debts of the individual; and debts which are apparently due by the corporation to the individual, will be treated as debts due by himself to himself, and, consequently, extinguished by confusion.

ON appeal from the Civil District Court for the parish of Orleans.  *King, J.*

*Farrar, Leake & Lemle* for Receivers, Appellees.

*Carroll & Carroll* for H. B. Guinle and L. F. Bouchereau, Creditors, Appellants.

*W. S. Parkerson* and *Rice & Montgomery* for M. McGraw Wooden Ware Co.; Joseph Campbell Preserve Co.; Lievre, Fricke & Co.; S. Oppenheimer; Arguenbaüm & Ramie, and George S. Mepham & Klein, Opponents and Appellees.

*E. N. Whittemore & C. F. Claiborne* for Edward Thompson; Trepagnier & Bros.; James Grennon, Henry B. Schreiber & Bro.; Ong, Hiller & Co., Limited, and M. Schwartz & Co., Opponents and Appellees.

*Edwin T. Merrick* for Illinois Glass Co., Opponent, Appellee.

*Harry H. Hall* and *P. M. Milner* for C. S. Burt & Co., Ltd., Opponents and Appellees.

*Dart & Kernan* for John M. Monlaur, Creditor, Appellee.

*Chretien & Suthon* for A. Donovan, William Dubille and J. U. Iver, Creditors, Appellees.

*M. Voorhies* for Felix Tiblier, C. S. Williams and A. Halt, Creditors, Appellees.

Argued and submitted March 10, 1898.
Opinion handed down June 25, 1898.
Rehearing refused January 9, 1899.

Opinion of the court was delivered by WATKINS, J.

Opinion of the court on Application for Rehearing was delivered by BLANCHARD, J.

WATKINS, J. On the 2nd of December, 1895, the plaintiff, a corporation domiciled in the city of St. Louis, Missouri, filed a suit in the Civil District Court of the parish of Orleans, alleging that they were creditors of the defendant company in the sum of six hundred and nine dollars and fifty-five cents.

They also allege, that the defendant has mismanaged its affairs, and that its board of directors have manipulated its stock and have used its moneys and resources for that purpose.

That a great number of suits have been instituted and are pending against it.

That it has been seized for rent by H. B. Guinle, an officer of the corporation; and that though its assets are large and valuable the corporation is insolvent and unable to pay its debts.

That some of the assets have been sequestered by creditors claiming vendors' liens on the property seized; and that the corporation recently applied for a respite which was at once refused.

On these averments, an order was granted requiring the defendant

Cuppens Wooden Ware Co. vs. Illinois Pickling & Manufacturing Co.

to show cause why a receiver should not be appointed; and in that proceeding several other creditors of the defendant intervened and reiterated the averments of the plaintiff and joined in the application for the appointment of a receiver.

The defendant made a return, stating it to have been a fact, that it had applied for a respite and that its application had been refused; but that it had since gone into voluntary liquidation, and that said proceedings were then pending.

The judge, considering the cause shown to be sufficient, appointed one receiver; and subsequently, upon due proceedings, had appointed a second one to co-operate with the first one.

Soon thereafter an order was granted directing a sale of the assets of the defendant's to be made for cash in accordance with law and the inventory on file; and that the proceeds thereof be distributed amongst its creditors—the inventory disclosing personal property only, valued at seven thousand seven hundred dollars.

At this juncture, H. B. Guinle filed a motion to stay the sale, and sell certain portions of the property under a separate appraisement.

His allegations are substantially as follows, viz.:

That he is a creditor of the defendant in the sum of fifteen hundred and fifty dollars, with interest, etc., for rent, to and including February 1st, 1896, of the premises occupied by the company, as more fully appears from his pending suit against the defendant—the one to which the plaintiff adverted in its petition.

That he is a creditor for the further sum of twenty thousand dollars, less a credit of one thousand seven hundred and sixteen dollars and ten cents, "due him as a balance on the property sold by him to said company as set forth in the act of sale dated March 30th, 1895, * * * and as more fully appears from two promissory notes, one for eighteen thousand dollars, and the other for two thousand dollars —subject to credits aggregating one thousand seven hundred and sixteen dollars and ten cents, etc."

That a large portion of the property and articles which were sold to said company is now in the establishment and factory thereof; and on the 1t1h of December, 1895, an order of court was made which directed the receivers "to convert the raw materials in the factory of the company, into manufactured articles and to temporarily continue its business of the company in order to effect a liquidation of its

affairs," and that all proceeds coming into their hands should be paid over to him as lessor, in satisfaction of the debt due him.

That on December, 1895, the receivers obtained a further order which directed a sale of said assets at public auction for cash.

He represents, that it is better for the interests of all parties concerned, that said receivers continue to carry on business of said company as provided in the order first referred to, for the reason that articles sold in the usual course of business will realize much larger sums than if sold at public auction; and consequently, a larger amount paid on his debt.

For these reasons, he opposed said rule; but if a sale is made, then and in that event he is entitled as landlord to be paid the amount due him as rent by preference and priority over all parties whatsoever out of the proceeds of all the property sold; and that he is further entitled as vendor to be paid by priority and preference out of said proceeds the amount due him on the purchase price thereof.

He claims the right to have made a separate sale of the objects affected by his lessor's and vendor's liens; and when the sale is made that the proceeds thereof be kept separate and apart, so as to be easily identified from other proceeds of sale.

To the foregoing effect, Guinle prayed for a rule on the receivers to show cause why the aforesaid relief should not be granted; or in the alternative that the sale be made, then to show cause why his said demands should not be paid from the proceeds of sale realized.

To this motion was appended a list or statement of the property and effects which are referred to.

Notwithstanding the foregoing opposition, the sale was made on the 27th of January, 1896, and Guinle appeared at the place of sale and bid on goods and merchandise to the amount of two thousand six hundred and two dollars and sixty-five cents—same being a portion of the property he had sold the defendant; and he thereupon took rule on the receivers to show cause why the goods should not be delivered to him and the amount of his bid be credited upon his aforesaid claims.

Thereupon Morris McGraw, Wooden Ware Company, Limited, appeared and filed an answer to the two rules of Guinle aforesaid, and therein set up the following special defenses thereto, viz.:

First—That it filed a suit against The H. B. Guinle Manufacturing Company, Limited, on February 14th, 1894, the record of which is annexed.

Second—That subsequent to the institution of said suit, said company went into liquidation, and Guinle was appointed liquidator.

Third—The defendant in this suit was a corporation organized by "Guinle, and he was owner, practically, of the two corporations.

Fourth—That while acting as the liquidator of the former, "without any order of court, or authority of any kind, Guinle transferred the assets thereof to the defendant;" and thereupon said corporation "was made a party defendant to the suit above referred to.

Thereupon it alleges, that all of the aforesaid proceedings "were really and in truth the acts and proceedings of the said H. B. Guinle, and were for the purpose of defeating the rights of creditors of whom the Morris McGraw, Wooden Ware Company, Limited, was one;" and its prayer is, that Guinle's rule be denied.

Upon objection being made, the court struck out this answer and relegated the McGraw Company to an intervention or direct action.

On the 3rd of February, 1896, the aforesaid rule was made absolute.

On the 7th of April, 1896, the receivers filed a provisional account upon which appeared the following items, viz.:

"Amount retained by H. B. Guinle under order of court....$3,582.59

"H. B. Guinle, general account....................... 428.45

"These two amounts aggregate.......................$4,011.04

To this account various oppositions were filed, and that of Morris McGraw Wooden Ware Company, Limited, was amongst the number—its opposition being directed at the two items above mentioned—and the court was requested to strike same from the account for the reasons it assigned in its aforesaid answer to the rule of Guinle.

Several other creditors of the defendant oppose those items of the account and demand that the first amount "which H. B. Guinle was allowed to retain, should be restored to the active mass of this estate; and should be paid by said Guinle to said receivers, to be by them distributed according to law, etc."

They allege that H. B. Guinle is no creditor, at all, of the defendant; and that the resolution of the board of directors of the defendant authorizing a purchase of certain property and assets from H. B. Guinle, as well as its organization thereunder, and the sale thereof as evidenced by an authentic act of May 30th, 1895, were mere simultaneous, gone through with as a mere matter of form, conveying no sub-

stantial rights—concluding as other oppositions did, and demanding some relief.

H. B. Guinle also opposes the account on various grounds, but mainly for the reason that his claims and demands, as set forth in his opposition to the sale, are not sufficiently set out either in detail or amount, and he prays that same be increased accordingly.

The foregoing statement of the pleadings and issues of this case is the best summary that could be intelligently made of them, in view of the fact that declarations, answers, oppositions, rules, orders, etc., occupy one hundred and nineteen pages of the transcript—a palpable· abuse of justice.

Especially is this the case, in view of the further fact, that the prominent, if not the *only* issue in the case is whether or not H. B. Guinle and the Illinois Pickling and Manufacturing Company are one and the same, as opponents allege; for it conspicuously appears that the creditors of the defendant are resisting the large claims of Guinle· for rent and price of goods sold, on the ground, chiefly, that the defendant corporation was a legal fiction, representing and being Guinle himself—debtor and creditor being merged into one.

On the trial, the judge *a quo* held as follows:

First—That the opposition of Hypolite Guinle praying to be placed· on the provisional account as lessor for the sum of sixteen hundred and sixty-five dollars, and as vendor for twenty thousand dollars, be and the same is rejected.

Second—That the oppositions of other opponents—enumerating them—be sustained to the extent, that the two items mentioned *supra,* of three thousand five hundred and thirty-two dollars and fifty-eight cents, and four hundred and twenty-eight dollars and forty-five cents, be stricken from said account.

Third—That H. B. Guinle be ordered to pay over to the receivers the former sum of three thousand five hundred and eighty-two dollars· and fifty-eight cents.

H. B. Guinle filed a motion for a new trial mainly on the ground that the evidence failed to show that said transactions were simulations; but on the contrary fully established their reality and validity.

Pending the disposition of the motion, H. B. Guinle tendered a plea of one year's prescription against the demands of the opponents; and· subsequently the judge *a quo* overruled both the application for new trial, and the plea of prescription.

Cuppens Wooden Ware Co. vs. Illinois Pickling & Manufacturing Co.

From the judgment thus rendered, the opponent, H. B. Guinle alone, prosecutes an appeal, and that a devolutive one; except one creditor, who demands the right to have its claim for thirty dollars placed on the account as an ordinary one.

After stating the case, the judge *a quo* said in his reasons for judgment:

"That careful consideration of this case, and considering the fact that H. B. Guinle was in court, heard the testimony taken on the trial of the opposition, and failed to take the stand to contradict or explain the evidence against him; and, also, failed to testify on his own opposition in support of his claim, the court is of opinion that H. B. Guinle is the real debtor of the opponents; that the Illinois Pickling and Manufacturing Company, Limited, was a corporation only in name, not in reality, a name under which H. B. Guinle transacted business; that the debts due by said company were due by Guinle; that the lease of the building made by them to the Illinois Pickling Company was a lease to himself, and the sale by him of the goods by him purchased from the H. B. Guinle Manufacturing Company, Limited( to said Illinois Pickling Company was in reality a fictitious sale of property from himself to himself; that he is not a creditor of the Illinois Pickling Company as landlord or vendor, and the various acts of lease and sale were mere simulations."

These reasons are clear-cut, concise and unanswerable; and our examintion of the record has fully satisfied us of their absolute correctness.

And, if solitary circumstance were wanting, a single link necessary to complete the chain of evidence, Guinle's perfect silence in the presence of *all* of his accusers, and his utter failure to speak in support of his own opposition is quite sufficient to justify the court in resolving any doubt—if there be a possible doubt in the case—against him.

To such issues as are here presented no plea of prescription can avail him.

Judgment affirmed.

_____

### ON APPLICATION FOR REHEARING.

BLANCHARD, J.  Our attention has been called to the fact, among other things, that our opinion failed to make mention of the claim

of L. F. Bouchereau for notarial services, the correctness of which was admitted at the trial, and which the district judge, in recasting the account, through error, placed among the ordinary accounts, whereas it is entitled to be placed among the privileged debts.

This state of facts is exhibited by the record, and the claimant has appealed from the judgment.

He is entitled to relief, and our decree should be so amended as to place his claim for thirty dollars for notarial fees, on the schedule of privileged debts.

In all other respects the opinion is found correct.

It is therefore ordered and decreed that the judgment of this court be so amended as to entitle the appellant, L. F. Bouchereau, to have his claim of thirty dollars for notarial services placed upon the schedule of privileged accounts; and it is further ordered and decreed, that in all other respects the application for a rehearing be refused.